UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID BROWN,<br><br>       Petitioner,<br><br>    — against —<br><br>UNITES STATES OF AMERICA,<br><br>       Respondent. | 11-cr-564 (ARR)<br>16-cv-807 (ARR)<br><br><u>NOT FOR PRINT OR ELECTRONIC PUBLICATION</u><br><br>**OPINION & ORDER** |

ROSS, United States District Judge:

    Petitioner, David Brown, brings this petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction under 18 U.S.C. § 924(c)(1)(A) on the grounds that Hobbs Act robbery does not qualify as a crime of violence as defined by that statute. For the reasons that follow, I deny Mr. Brown's § 2255 petition.

## BACKGROUND

    On April 5, 2012, Mr. Brown pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and unlawful use and brandishing of a firearm in relation to that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Criminal Cause for Pleading, ECF No. 28; Indictment 1-2, ECF No. 13. On April 29, 2015, I sentenced Mr. Brown to six months of incarceration on the Hobbs Act robbery charge and the statutory minimum of 84 months of incarceration on the unlawful use of a firearm charge, to run consecutively for a total of 90 months' imprisonment. J. Crim. Case 2, ECF No. 44.

    On February 6, 2016, Mr. Brown timely filed the present petition pursuant to 28 U.S.C.

1

§ 2255.[1] *See* Pet., ECF No. 46. On April 21, 2016, the government submitted a memorandum in opposition to Mr. Brown's petition. *See* Mem. of Law in Opp'n to Pet'r's Appl., ECF No. 47 ("Gov't Opp'n"). On May 23, 2016, Mr. Brown filed a reply to the government's opposition, *see* Reply to Govt's Mem. in Opp'n, ECF No. 52, and on June 8, 2016, Mr. Brown filed an amended reply, *see* Am. Reply to Govt's Mem. in Opp'n, ECF No. 54. On November 1, 2017, this court stayed all proceedings in this case pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the Second Circuit's resolution of the petition for rehearing en banc in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018). *See* Order, ECF No. 383. I lifted this stay, however, after the Supreme Court's decision in *Dimaya* on April 17, 2018, *see* 138 S. Ct. at 1204, and the Second Circuit's denial of the petition for rehearing in *Hill* on July 24, 2018, *see* No. 14-3872, ECF No. 190.

Mr. Brown seeks to invalidate his convictions under § 18 U.S.C. § 924(c)(1)(A) on the grounds that, following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Hobbs Act robbery does not qualify as a crime of violence as defined by that statute. *See* Pet. 4; Mem. of Law in Supp. of Pet'r's Appl. 1-2, ECF No. 46 ("Pet'r Mem. of Law"). The government refutes Mr. Young's argument in its entirety. Gov't Opp'n 1.

## DISCUSSION

Section 924(c) makes it a crime if "any person . . . during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or . . . possesses a firearm [in furtherance of any such crime]." 18 U.S.C. § 924(c)(1)(A). This statute defines a "crime of violence" as "a felony" that either (A) "has as an

---

[1] Mr. Young's petition is timely because it was filed within one year of the date *Johnson v. United States*, 135 S. Ct. 2551 (2015), was decided—June 26, 2015. *See* 28 U.S.C. § 2255(f)(3) (providing that a petition is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court").

2

element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). I will refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause." Mr. Brown was sentenced under § 924(c)(1)(A) for using a firearm in the course of Hobbs Act robbery.

In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), which contains similar language to the residual clause of § 924(c), as unconstitutionally vague. 135 S. Ct. at 2555-57. Mr. Brown argues that after *Johnson*, Hobbs Act robbery fails to qualify as a crime of violence under § 924(c)'s residual clause because the latter is also unconstitutionally vague. *See* Pet'r Mem. of Law 12-23. Mr. Brown further contends that Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. *See id.* at 4-12. Thus, Mr. Brown concludes that "[s]ince Hobbs Act Robbery categorically fails to qualify as a 'crime of violence' under section 924(c)'s 'force clause' and since section 924(c)'s residual clause is unconstitutionally vague, no legal[] basis exists for a [section] 924(c) conviction predicated upon H[o]bbs Act Robbery" and thus "[petitioner's] conviction and sentence must be vacated." *Id.* at 28 (citations omitted).

In *United States v. Hill*, the Second Circuit held that Hobbs Act robbery is categorically a crime of violence under § 924(c)'s force clause. 890 F.3d at 56-60 ("Although the question whether Hobbs Act robbery constitutes a crime of violence under the force clause is a matter of first impression in our Circuit, we do not write on a blank slate but against the backdrop of a consistent line of cases from our sister circuits, concluding that Hobbs Act robbery satisfies the force clause. . . . In sum, we agree with all of the circuits to have addressed the issue and hold

3

that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (citation omitted) (quoting 18 U.S.C. § 924(c)(3)(A))); *see also United States v. Barrett*, No. 14-2641, 2018 WL 4288566, at *1 (2d Cir. Sept. 10, 2018) (holding that defendant's challenge to his § 924(c) convictions predicated on substantive Hobbs Act robberies fails under *Hill*). The Second Circuit's holding in *Hill* provides a clear legal basis for Mr. Brown's § 924(c) conviction, and he is therefore not entitled to relief.[2]

## CONCLUSION

For the foregoing reasons, David Brown's § 2255 petition is denied. Further, because he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue, although Mr. Brown may make such an application to the Second Circuit.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: September 17, 2018
Brooklyn, New York

---

[2] Because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, I need not address the constitutionality of § 924(c)'s residual clause. However, I will note that the Second Circuit's recent decision in *United States v. Barrett* distinguishes § 924(c)'s residual clause from the residual clauses at issue in *Johnson* and *Dimaya*, *see Dimaya*, 138 S. Ct. at 1213 (holding that a "straightforward application" of *Johnson* meant that a similar residual clause defining "crime of violence" in 18 U.S.C. § 16(b) was also unconstitutionally vague). The Second Circuit reasoned that § 924(c)'s residual clause does not present the same constitutional vagueness concerns because a "conduct-specific, rather than categorical, approach to § 924(c)(3)(B) is appropriate." *Barrett*, 2018 WL 4288566, at *1; *see also id.* at *12 ("Section 924(c)(3) . . . is not concerned with prior convictions. It pertains only to § 924(c)(1) crimes of pending prosecution. This means that a conduct-specific identification of a predicate offense as a crime of violence can be made without raising either of the constitutional concerns that have informed the Supreme Court's categorical-approach jurisprudence. The Sixth Amendment concern is avoided because the trial jury, in deciding whether a defendant is guilty of using a firearm 'during and in relation to any crime of violence,' 18 U.S.C. § 924(c)(1)(A), can decide whether the charged predicate offense is a crime of violence as defined in § 924(c)(3)(B).").